**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN RAY PELOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-1042 JMB |
| | ) | |
| NURSE KATIE UNKNOWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED OPINION MEMORANDUM AND ORDER**

On June 29, 2026, Plaintiff Kevin Ray Pelot filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, bringing claims against St. Francois County, St. Francois County Sheriff's Department, Advanced Correctional Healthcare, Inc. (ACH), Sheriff Jeffrey Crites, and two defendants he partially identifies as "Nurse Katie" and "Corporal John Doe."

Now pending before the Court are three motions by Plaintiff. For the reasons described below, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted, his motion for appointment of counsel will be denied, and his "motion to correct docket classification" will be denied. In addition, the Court has undertaken review under § 1915(e)(2) and finds that Plaintiff's claims against Nurse Katie and Corporal John Doe may proceed, along with one claim against ACH and St. Francois County. St. Francois County Sheriff's Department and Sheriff Jeffrey Crites will be dismissed from the action.

***In Forma Pauperis Motion***

Plaintiff has moved for leave to proceed in *forma pauperis* (ECF No. 2). Upon review of his financial affidavit, the Court has determined that Plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Consequently, the Court will grant the motion.

## ***Review under Section 1915(e)***

In all cases brought *in forma pauperis*, the Court is required to review the complaint and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## ***The Complaint***

Here, Plaintiff alleges that Defendants violated his Fourteenth Amendment rights when he was a pretrial detainee in the custody of the St. Francois County Jail earlier this year. Taking his allegations as true, Plaintiff is prescribed and has been taking Dilantin, "a life-sustaining epilepsy medication," for 35 years. When he was taken into custody at St. Francois County Jail, he informed booking officers of his health condition and need for medication. That "information was recorded

but never acted upon." He was incarcerated for a total of 120 days (three days in early February and then a longer stint from late February to June) without receiving his medication, even after it had been brought to the jail. He received no other medical care during his confinement. He alleges that "Nurse Katie" was "performing her duties as jail medical staff for St Francois County Jail when she denied any medical care and seizure medication." Plaintiff identifies Nurse Katie as "jail medical staff/jail medical administrator."

Plaintiff states that after he had missed ten doses of Dilantin in a row, he feared for his life and therefore declared a medical emergency, which was met with retaliation. He alleges that, "Corporal John Doe, a correctional officer, responded by using less lethal weapons, including Mace to my eye and tasering my arm through a cell chuck-hole, despite me being secured and posing no threat." Plaintiff alleges his cell window was afterward "covered with cardboard for 24 hours, leaving me screaming in pain without intervention or decontamination." His requests for medical treatment were denied. Plaintiff identifies Corporal John Doe as a male approximately 4 feet, 11 inches, with a mustache, with the title "Corporal D.O./C.O. Possible Deputy Sheriff."

According to the Complaint, Plaintiff was then placed in administrative segregation for 30 days despite having not committed any conduct violation. His requests for mental health care were ignored, and he was denied grievance forms and medical request forms.

Plaintiff alleges that he suffered physical injuries from Corporal John Doe's use of force, including "recurring watering, burning, and discomfort in my eye from the mace, lasting vision disturbances, halos around lights, blurred vision, and ongoing light sensitivity that has not fully resolved," and "possible nerve damage in my left arm," with symptoms of "weakness and tingling, intermittent shooting pains that continue to this day." He also alleges that the deprivation of his epilepsy medication caused dizziness, confusion, headaches, waking up in cold sweats, and "living

under the constant fear of going into static epilepticus which is a life threatening seizure condition." Additionally, he points to ongoing psychological injury.

***<u>Nurse Katie and Corporal John Doe</u>***

Plaintiff has set out sufficient factual matter in his Complaint to survive initial review under 28 U.S.C. § 1915(e) as to Nurse Katie and Corporal John Doe under the Fourteenth Amendment[1] and Section 1983. He has set out a facially plausible claim that Nurse Katie acted with deliberate indifference to his constitutional right to adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). He has also set out a facially plausible claim that Corporal John Doe used excessive and retaliatory force against him in violation of his Fourteenth Amendment rights. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015); *Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014); *Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001).

Although Plaintiff has set out facially plausible claims against Nurse Katie and Corporal John Doe in his Complaint, Plaintiff failed to provide proper names for the two defendants. In general, it is impermissible to name fictitious parties as defendants. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). That said, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Id.* (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)). The Court finds that Plaintiff's Complaint contains specific allegations that would permit the identity of Nurse Katie and Corporal John Doe to be ascertained

[1]The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainees' claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). The standard is largely the same. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

after reasonable discovery. *Munz*, 758 F.2d at 1257. The Court, therefore, declines to dismiss Plaintiff's claims against Nurse Katie and Corporal John Doe at this time. However, the Court cannot direct the clerk of court to issue summons for these two defendants without the defendants' proper names and addresses. The Court will permit Plaintiff to attempt to identify Nurse Katie and Corporal John Doe through discovery, and after ascertaining the identity of the unknown defendants, Plaintiff shall promptly seek leave of Court to amend his Complaint.

***St. Francois County and Advanced Correctional Healthcare, Inc.***

Plaintiff has also named St. Francois County and ACH as Defendants. Local governmental units, such as a city or county, may be held liable under § 1983. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978); *see also Ware v. Jackson Cnty.*, 150 F.3d, 873, 880 (8th Cir. 1998) (applying analysis of municipal liability under *Monell* to county government defendant). Jail medical contractors like ACH also may be held liable under § 1983. *See Burke v. N. Dakota Dep't of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). However, neither a municipality nor a healthcare contractor may be held liable on a *respondeat superior* theory merely because one of their employees engaged in wrongful conduct. *See id.* Instead, liability attaches only if an unconstitutional policy or custom of the entity was the "moving force" behind plaintiff's injury. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999); *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir 2006).

As such, a plaintiff states a claim against a municipality or a jail healthcare provider if an alleged constitutional violation was the result of (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims

challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, a complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff alleges that St. Francois County maintains multiple unconstitutional policies. Most of the purported policies he cites are supported only by facts about what happened to him. In other words, he extrapolates policies and customs from the alleged violation of his own constitutional rights. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991). Additionally, Plaintiff alleges St. Francois County and ACH maintain a policy of "denying access to life-sustaining seizure medication." In support he alleges there was another incident in which an inmate died after possibly experiencing a seizure, references a statement from Nurse Katie that seizures are not fatal, and states that the jail refuses prescription verification, blood tests, doctor visits, and medical request forms. The Court finds that, when liberally construed as required, these allegations make out a facially plausible policy or custom *Monell* claim against St. Francois County and ACH.

***Sheriff Jeffrey Crites***

Plaintiff has sued St. Francois County Sheriff Jeffrey Crites in his official capacity. In general, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also*

*Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits). Plaintiff has not set forth any facts indicating that defendant Crites was directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff alleges that St. Francois County Sheriff Jeffrey Crites is "responsible for all jail operations policies and the supervision of staff" and "is liable due to the jail's policies and customs." To the extent his official-capacity claim would survive § 1915 review, it is duplicative of his claim against St. Francois County. It is accordingly dismissed as redundant.

***St. Francois County Sheriff's Department***

The Complaint is frivolous as to the St. Francois County Sheriff's Department. In determining whether a defendant is a "person" subject to suit under Section 1983, the Court looks to state law. *See Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). There is nothing in Missouri law that indicates a sheriff's department is a suable entity. *See Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 968–69 (E.D. Mo. 2004). The Sheriff's Department will be dismissed without prejudice. *See De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (holding that dismissal of non-suable entity like sheriff's department should be without prejudice).

***Motion for Appointment of Counsel***

Plaintiff has moved for the appointment of counsel (ECF No. 3). In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] *pro se* litigant has no statutory or constitutional right to have counsel appointed

in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that, so far, he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

***Motion to Correct Docket Classification***

Plaintiff filed a motion requesting "that the Court review the current administrative docket classification of this action and, if the case has been incorrectly classified as an action brought by a currently incarcerated prisoner, correct the classification and allow the case to proceed under the procedures applicable to a plaintiff who was not incarcerated when the action was filed." (ECF No. 4 at 3.) Plaintiff accurately points out that some parts of the PLRA do not apply to cases filed by a non-incarcerated person, and the Court does not apply them here.

Additionally, under the Local Rules, cases filed in the Eastern District of Missouri are assigned to one of five differentiated tracks. Track 5 is limited to cases "in which the plaintiff is, at the time the complaint is filed, proceeding as a self-represented litigant *and is confined in a federal, state or local penal facility*." L.R. 5.01. Plaintiff is advised that, because he was not

confined at the time of filing, this case will not be assigned to Track 5. Because this case has not yet been classified—and will not be classified as a case brought by a currently incarcerated prisoner—Plaintiff's motion to correct docket classification will be denied.

Plaintiff is reminded that all parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge Jurisdiction.

Plaintiff is also reminded that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Opinion, Memorandum, and Order dated October 13, 2026, ECF No. 5, is **VACATED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Defendants St. Francois County and Advanced Correctional Healthcare, Inc. Defendant St. Francois County shall be served by issuance of summons and service by the U.S. Marshals Service on St. Francois County, Attn: Kevin Engler, St. Francois County Clerk, 1 West Liberty Street, Annex Building, Suite 300, Farmington, Missouri 63640. Defendant Advanced Correctional Healthcare, Inc. shall be served by issuance of summons and service by the U.S.

Marshals Service on CT Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, Missouri 63129-4275.

**IT IS FURTHER ORDERED** that Sheriff Jeffrey S. Crites and St. Francois County Sheriff's Department are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Kevin Ray Pelot is granted leave to promptly ascertain through appropriate discovery requests made pursuant to the Federal Rules of Civil Procedure the identity of Nurse Katie and Corporal John Doe. The named and served defendants shall cooperate with Plaintiff in the discovery process. Upon learning the identity of Nurse Katie and Corporal John Doe, Plaintiff shall seek leave of Court to amend his Complaint to add them as defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. [3]) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's motion to correct docket classification (ECF No. [4] is **DENIED**.

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.

Dated this 15th day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE